UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RHONDA ROXANNE FONDELL,

        Plaintiff,

   v.

NANCY A. BERRYHILL, Deputy
Commissioner of Social Security for Operations,

        Defendant.

CASE NO. C17-5938-BAT

**ORDER REVERSING AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS**

        Rhonda Roxanne Fondell seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred by (1) evaluating two mental conditions together as one severe impairment; (2) failing to associate any physical limitations to the severe impairment of fibromyalgia; (3) finding her capable of working at the light exertional level rather than the sedentary level or less; (4) improperly rejecting lay witness evidence; and (5) relying on vocational expert testimony that did not satisfy the Commissioner's burden at step five, failing to require the VE to provide proof of her testimony at the hearing, and preventing Fondell's counsel from cross examining the VE. Dkt. 10. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Ms. Fondell is currently 52 years old, has a high school education, and has worked as a hand packager, book binder, industrial truck operator, sausage maker, and construction worker. Tr. 52, 78, 356. In December 2013, she applied for benefits, alleging disability as of July 2, 2013. Tr. 356, 358. After her applications were denied, the ALJ conducted a hearing and, on August 31, 2016, issued a decision finding Ms. Fondell not disabled. Tr. 20-38. The Appeals Council denied Ms. Fondell's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.

## THE ALJ'S DECISION

Using the five-step disability evaluation process,[1] the ALJ found that Ms. Fondell had not engaged in substantial gainful activity since the alleged onset date; she had the following severe impairments: anxiety disorder (including posttraumatic stress disorder (PTSD)), depressive disorder, fibromyalgia syndrome, degenerative disc disease of the cervical spine and lumbar spine, and status-post left rotator cuff repair; and that these impairments did not meet or equal the requirements of a listed impairment.[2] Tr. 25. The ALJ found that Ms. Fondell had the residual functional capacity to perform light work except that she could stand and/or walk for 4 hours out of 8 hours and sit for 6 hours out of 8 hours; she could frequently climb ramps and stairs but never climb ladders, ropes, or scaffolds; she could occasionally balance, stoop, kneel, crouch, and crawl; she could not perform overhead reaching with the non-dominant left upper extremity; she would need to avoid concentrated exposure to moving machinery and unprotected heights; she should avoid concentrated exposure to extreme cold. Tr. 27. The ALJ found that Ms.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

1    Fondell was unable to perform her past work, but there were jobs in significant numbers in the

2    national economy that she could perform. Tr. 36-37. The ALJ therefore found Ms. Fondell not

3    disabled. Tr. 38.

**DISCUSSION**

**A.      Anxiety disorder and PTSD**

6          Ms. Fondell argues that the ALJ erred at step two by combining two separately diagnosed

7    mental conditions—anxiety disorder and PTSD, each with their own set of symptoms—into one

8    severe impairment, causing limitations to be left out of the residual functional capacity finding.

9    Dkt. 10 at 3. She points to two examining doctors' diagnoses of PTSD and associated symptoms

10   and argues that the ALJ erred in giving their opinions little weight. *Id.* at 4-5.

11         Step two, where the claimant bears the burden of establishing that she has a medically

12   determinable severe impairment or combination of impairments, is a "*de minimis* screening

13   device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

14   Even if an ALJ erroneously finds an impairment to be non-severe, the error is harmless if the

15   ALJ properly considers the limitations caused by the impairment at the later steps. *Lewis v.*

16   *Astrue*, 498 F.3d 909, 910 (9th Cir. 2007).

17         Here, the ALJ did not find PTSD to be non-severe, but instead considered it to be

18   "included" within Ms. Fondell's anxiety disorder. The mere fact that the ALJ considered one

19   disorder to be included within another does not itself establish a step-two error. Both disorders

20   fall under the category of anxiety disorders in the Social Security listings and the DSM-IV.[3] The

21   ALJ found that both Ms. Fondell's anxiety disorder and PTSD were medically determinable

22

23
_____

[3] Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV), 34
(4th ed. text rev. 1994).

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

severe impairments, and considered whether Ms. Fondell's impairments met or equaled listing 12.06, the appropriate listing for all anxiety disorders, including PTSD. Thus the issue turns on Ms. Fondell's assertion that the ALJ improperly excluded limitations caused by her PTSD in evaluating her residual functional capacity. This argument is based on the ALJ's giving little weight to the opinions of two examining doctors, Dr. Jorgenson and Dr. Neims.

In general, the ALJ should give more weight to the opinion of a treating doctor than to that of a non-treating doctor, and more weight to the opinion of an examining doctor than to that of a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where it is not contradicted by another doctor, the ALJ may reject a treating or examining doctor's opinion only for "clear and convincing reasons." *Id.* at 830-31. Where contradicted, the ALJ may not reject a treating or examining doctor's opinion without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). An ALJ does this by setting out a detailed and thorough summary of the facts and conflicting evidence, stating her interpretation of the facts and evidence, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ must do more than offer her conclusions; she must also explain why her interpretation, rather than the treating doctor's interpretation, is correct *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Alicia Jorgenson, M.D., examined Ms. Fondell in May 2014 and diagnosed PTSD, chronic, with panic attacks, and major depressive disorder, moderate, recurrent. Tr. 615. Dr. Jorgenson opined that Ms. Fondell could perform simple and repetitive tasks, but would have more difficulty with detailed and complex tasks. Tr. 616. She found some evidence of concentration and memory impairment, which Dr. Jorgensen opined was related to Ms. Fondell's

level of anxiety. *Id.* She opined Ms. Fondell could accept instructions from supervisors but would have significant difficulty interacting with coworkers and the public. *Id.* Dr. Jorgenson opined that Ms. Fondell would not be able to maintain regular attendance in the workplace due to her lack of sleep schedule, could not perform a normal workweek without significant interruption from her psychiatric condition, and would not deal well with the usual stress encountered in a competitive work environment. *Id.* She assigned a global assessment of functioning score (GAF) of 43, indicating serious symptoms or a serious impairment in social, occupational, or school functioning. *Id.*; Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV), 34 (4th ed. text rev. 1994).

The ALJ gave little weight to Dr. Jorgenson's opinion, noting that Dr. Jorgenson was a one-time examining source and did not review treatment notes from Ms. Fondell's therapist, Dr. Rechel, whose opinion the ALJ gave more weight. Tr. 35. The ALJ also found that Dr. Jorgenson's opinion was inconsistent with her examination findings, noting that while Dr. Jorgenson stated Ms. Fondell had a restricted affect and depressed/anxious mood, she was appropriately dressed, wore makeup, was polite and cooperative, with good eye contact, no psychomotor agitation or retardation, linear and logical thought processes, and no signs of suicidal/homicidal ideation or psychosis. *Id.* The ALJ found that while Ms. Fondell showed some deficits on mental status testing, Dr. Jorgenson interpreted the results as still consistent with the ability to perform simple and repetitive tasks. *Id.* The ALJ found that Dr. Jorgenson's conclusion that Ms. Fondell could not work appeared to rely on her anxiety and mood complaints, but the record showed that her symptoms improved with medication, they were not as severe as described, and her complaints were inconsistent with treatment notes, which regularly showed normal mood and affect. Tr. 35. And the ALJ found that Ms. Fondell exaggerated her claim that

she cannot read, which detracted from her subjective allegations, and that while Dr. Jorgenson stated that she lacked a sleep schedule, her treating therapist suspected that this problem was related to her sleep hygiene practices. Tr. 35.

Here, the ALJ relied primarily on her own interpretation of the medical evidence to discount Dr. Jorgenson's opinion. The ALJ recounted many of Dr. Jorgenson's examination findings and concluded that these findings did not support Dr. Jorgenson's opinion or reached the opposite conclusion as Dr. Jorgenson. But the ALJ may not substitute her own interpretation of the medical evidence for the opinion of a medical professional. *See Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999). The ALJ impermissibly relied on her own conclusions from the examination findings in evaluating Dr. Jorgenson's opinion.

Dan Neims, Psy.D., examined Ms. Fondell in October 2015 and diagnosed PTSD, chronic; depressive disorder NOS, moderate; psychological factors affecting physical condition; rule out pain disorder; learning disorder NOS; and rule out cognitive disorder secondary to closed head injury. Tr. 850. He opined that she would have marked difficulty in the ability to adapt to changes in a routine work setting, make simple work-related decisions, ask simple questions or request assistance, communicate and perform effectively in a work setting, complete a normal work day and work week without interruptions from psychologically based symptoms, and maintain appropriate behavior in a work setting, with generally moderate limitations in other domains. Tr. 851. He assigned a GAF score of 44. *Id.*

The ALJ gave Dr. Neims's opinion little weight, noting that Dr. Neims was also a one-time examining doctor and did not review any treatment notes. Tr. 35. The ALJ also found that Dr. Neims checked boxes indicating significant mental limitations but provided no explanation. *Id.* The ALJ found that Dr. Neims's observation that Ms. Fondell was sad, worried, and

withdrawn appeared inconsistent with treatment notes, which regularly indicated that she had clear speech and normal mood and affect. *Id.* The ALJ found that Dr. Neims's interpreted his mental status examination results as consistent with the ability to understand, remember, and persist on very short and simple instructions, which the ALJ found to be inconsistent with the marked limitations Dr. Neims opined. *Id.* And the ALJ found that Dr. Neims relied in part on Ms. Fondell's responses to self-reported questionnaires, which the ALJ found to contain discrepancies to her reports elsewhere in the record. *Id.*

The ALJ found that Dr. Neims's opinion that Ms. Fondell had no or mild limitations in her ability to follow very short and simple instructions[4] did not support his opinion of marked limitations in other areas. Tr. 35. The ALJ does not explain how the ability to follow simple instructions is inconsistent with—or even connected in any way to—functional limitations in other areas, such as adapting to changes or maintaining appropriate behavior in a routine work setting, both among the areas where Dr. Neims opined marked limitations. And Dr. Neims made no such connection. It was the ALJ who determined that Ms. Fondell's ability to follow simple instructions undermined limitations in other functional areas. Indeed, if such a connection existed, there would be no reason to inquire about limitations in any other areas. With this finding, the ALJ is again impermissibly substituting her own interpretation of the medical evidence for the doctor's own interpretation. *Tackett*, 180 F.3d at 1102-03.

The ALJ gave other reasons for rejecting Dr. Jorgenson's and Dr. Neims's opinions. Assuming these other reasons are valid, the error in relying on this impermissible reason would be harmless if it were inconsequential to the ALJ's ultimate nondisability determination. *See*

---

[4] This was the only area where Dr. Neims opined Ms. Fondell had no or mild limitations. Tr. 851.

1    *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012). But the Court cannot say that this is the

2    case. The ALJ impermissibly imposed her own analysis of the medical evidence in place of the

3    medical opinions and used this analysis to reject these opinions out of hand. This error was not

4    inconsequential to the ultimate decision. Although the Court finds no error in the ALJ's

5    classification of Ms. Fondell's PTSD as being "included" within her anxiety disorder, the ALJ's

6    errors in evaluating the opinions about her PTSD are harmful and require remand.

7            **B.       Fibromyalgia**

8            Ms. Fondell argues that the ALJ erred by failing to associate any physical limitations to

9    the impairment of fibromyalgia. Dkt. 10 at 7. She lists the symptoms fibromyalgia can cause and

10   common treatments. *Id.* She then points to the opinions of treating doctor Hector Reyes, M.D.,

11   who opined in November 2016 and March 2016 that due to her physical and mental conditions

12   and the medication she was taking, she was unable to be gainfully employed. Tr. 910, 1084. Ms.

13   Fondell argues that the ALJ improperly rejected these opinions. Dkt. 10 at 7.

14           Despite the fact that the error Ms. Fondell identifies is a failure to connect any physical

15   limitations to fibromyalgia, she does not specify what physical limitations the ALJ should have

16   included or associated with fibromyalgia but did not, and fails to identify any medical evidence

17   demonstrating such limitations. The Court cannot find error based on such a vague and

18   nonspecific argument.

19           **C.       Sedentary vs. light work**

20           Ms. Fondell argues that the medical evidence shows that she is able to work at the

21   sedentary or less-than-sedentary level, rather than at the light level as the ALJ found. Dkt. 10 at

22   8. She points to the medical evidence from Robert Billings, M.D., and Dr. Reyes. *Id.* at 8-9.

23

Dr. Billings examined Ms. Fondell in October 2013 and opined that she was severely limited, defined as unable to meet the demands of sedentary work, because of lumbar pain. Tr. 533-34. The ALJ gave this opinion little weight, finding that it was issued within a few months of Ms. Fondell's July 2013 motor vehicle accident, and Dr. Billings estimated that that level of limitation would last six months. Tr. 33, 534. To be disabling, an impairment must last for at least 12 months. 42 U.S.C. § 423(d)(1)(A). The ALJ validly considered the proximity of Dr. Billings' opinion to Ms. Fondell's motor vehicle accident and the fact that he limited his opinion to six months' duration. The ALJ did not err by giving less weight to an opinion about a recent injury limited to a short time period.

Dr. Reyes completed a physical functional evaluation in September 2015 in which he opined that Ms. Fondell was severely limited due to fibromyalgia. Tr. 803. The ALJ gave this opinion little weight, finding that while Ms. Fondell has physical limitations due to fibromyalgia and her spinal and left shoulder conditions, Dr. Reyes's opinion was inconsistent with the benign imaining studies and examination findings. Tr. 33. Ms. Fondell argues that the examination findings satisfying the diagnostic criteria for fibromyalgia and the MRI scans of her neck, shoulder, and low back contradict this finding. Dkt. 10 at 8-9.

An ALJ may give little weight to an opinion that is inconsistent with other evidence in the record. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). But the ALJ may not impose her own interpretation of the evidence without explaining why her interpretation, rather than the doctor's, is correct. *Orn*, 495 F.3d at 632. Here, the ALJ provided no such explanation, but merely concluded that Dr. Reyes's opinion was inconsistent with various unspecified findings. This conclusory finding was not a valid reason to reject Dr. Reyes's

opinion. As with the ALJ's analysis of Dr. Jorgenson's and Dr. Neims's opinions, the Court finds this error was not harmless and the ALJ should reevaluate the opinion on remand.

Although Ms. Fondell framed this issue as an error in finding she could perform light work instead of sedentary or less-than-sedentary work, the Court declines to direct the ALJ to find Ms. Fondell capable of any particular level of work, but rather to reevaluate the evidence and formulate a new residual functional capacity based on that reevaluation.

### D. Lay witness evidence

Ms. Fondell argues that the ALJ erred in rejecting the lay witness evidence from Denise Franzel and Greg Cornell. Dkt. 10 at 13. Lay testimony as to a claimant's symptoms is competent evidence that the ALJ must take into account, unless the ALJ expressly determines to disregard such testimony and gives specific reasons germane to each witness for doing so. *See Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006).

Mr. Cornell wrote a letter in November 2015 in which he described his observations of her daily activities and how those have changed since her motor vehicle accident. Tr. 471-72. The ALJ gave the statement little weight, finding that Mr. Cornell identified himself as a friend and roommate of Ms. Fondell, but the record is replete with references to him as her boyfriend. Tr. 36. The ALJ also found that Mr. Cornell's description of Ms. Fondell's physical and mental limitations was inconsistent with the imaging studies, physical examination findings, counseling records, and the opinion of Ms. Fondell's treating therapist. *Id.*

The ALJ does not explain why the different descriptions of Mr. Cornell's relationship with Ms. Fondell are a reason to reject the opinion. And the ALJ uses the same conclusory statement to reject Mr. Cornell's opinion she previously used for Dr. Reyes's opinion. These

were not specific or germane reasons for rejecting his statement. The ALJ should reevaluate the statement on remand.

Ms. Franzel stated in April 2016 that she helped Ms. Fondell with daily activities, including household chores, yard work, and grocery shopping because Ms. Fondell is in constant pain. Tr. 476. The ALJ gave some weight to Ms. Franzel's report, but found that Ms. Fondell's pain and fatigue were accommodated in the residual functional capacity finding. Tr. 36. Because the Court is directing the ALJ to reevaluate the medical evidence connected to Ms. Fondell's pain and fatigue, the ALJ should also reevaluate this lay witness evidence relating to these same issues.

### E. Vocational expert testimony

Ms. Fondell argues that the VE's testimony did not satisfy the Commissioner's burden to establish the existence of significant numbers of jobs in the national economy that Ms. Fondell can perform, that the ALJ erred by refusing to require the VE to provide proof of her testimony at the hearing, and prevented Ms. Fondell's counsel from properly cross-examining the VE at the hearing. Dkt. 10 at 14. Because of the errors in the ALJ's evaluation of Ms. Fondell's residual functional capacity, the VE's testimony based on that RFC cannot provide substantial evidence to support a finding of non-disability. However, because the Court is remanding this case for further administrative proceedings, including a reevaluation of Ms. Fondell's residual functional capacity and steps four and five, the remaining issues Ms. Fondell raises regarding the VE testimony are rendered moot.

### CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reevaluate the opinions of Dr. Jorgenson, Dr. Neims, and Dr. Reyes, and the lay witness statements. The ALJ shall further develop the record and reevaluate the evidence as needed to reevaluate Ms. Fondell's residual functional capacity and redo steps four and five of the disability evaluation process.

DATED this 11th day of May, 2018.

BRIAN A. TSUCHIDA
United States Magistrate Judge